338 F.2d 2
 Adelaide NEUWIRTH, Plaintiff-Appellee, Northeast Airlines, Inc., Intervenor-Plaintiff-Appellee,
v.
George E. ALLEN, Ira Guilden, Waldo M. Hatch, Oswald L. Johnston, Eugene S. Northrop, Robert L. Stearns, David A. Stretch, John C. Paige & Company, Inc. and Atlas Corporation, Defendants-Appellees.
Frank ENTEL and Goldie Entel, Plaintiffs-Appellees,
v.
Ira GUILDEN et al., Defendants-Appellees.
Leon DEBINS and Herman A. Gelman et al., Plaintiffs-Appellees,
v.
George E. ALLEN et al., Defendants-Appellees.
Irving Zagorski, Harry W. Voege and Anna May Tunmore, as Trustees, and Ida May Voege, Appellants.
 Nos. 118-120.
 Dockets 29009-29011.
 United States Court of Appeals Second Circuit.
 Argued October 27, 1964.
 Decided November 5, 1964.
 
 Samuel Becker, New York City for Northeast Airlines, intervenor-plaintiff-appellee.
 Leonard G. Bisco, New York City (Bisco, Winkler & Higgiston, New York City, on the brief), for Atlas Corporation, appellee.
 Simpson Thacher & Bartlett, New York City, for Oswald Johnston, Eugene Northrop and David Stretch, defendants-appellees.
 Stroock & Stroock & Lavan, New York City, for Ira Guilden, defendants-appellees.
 Richard B. Persinger, New York City (Jacobs Persinger & Parker, New York City, on the brief), for John C. Paige & Co. and Waldo M. Hatch, appellees.
 Milton Paulson, New York City, General Counsel for plaintiffs-appellees.
 David M. Palley, New York City (Nathan B. Kogan, New York City, on the brief), for Irving Zagorski, appellant.
 Gustave B. Garfield, New York City, for Harry W. Voege, Anna May Tunmore and Ida May Voege, appellants.
 Before LUMBARD, Chief Judge, and HAYS and MARSHALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants challenge the district court's approval of a $120,000 settlement for three derivative suits. Shareholders of the Atlas Corporation and Northeast Airlines, Inc. sued to recover fees paid by Atlas and its controlled companies, which included Northeast at the time of payment, to an insurance brokerage firm of which an Atlas director was president and part owner. Atlas was then an "investment company" under § 3 of the Investment Company Act of 1940, 15 U. S.C. § 80a-3 (1958), and the payments allegedly violated § 17(e) (1) of the Act, which prohibits persons closely associated with an investment company from receiving compensation for the sale of property to it or to any company which it controls.
 
 
 2
 While the gross fees received by the insurance firm were $567,000, of which 88% was paid by Northeast, we think the district court correctly took into account the amounts which the firm was required to pay out to others from the gross fees and also the estimated cost of operation fairly attributable to handling the business. The amount paid to others was $244,000. The brokerage firm did not supply figures on the overhead attributable to the Northeast and Atlas commissions, but counsel for one of the plaintiffs estimated it to be 25% of gross commissions or about $140,000. This estimate does not seem excessive in view of the firm's over-all profit, which apparently did not exceed 6.61% of gross fees in any year. Since one of the purposes of settlement is to avoid further expense, there would be little point in disregarding counsel's estimate and requiring the parties to retain accountants to obtain a more exact figure.
 
 
 3
 Thus it seems reasonable to suppose that the maximum possible recovery would have been less than $200,000. Considering the risk and cost of further litigation, we agree with Judge Wyatt that the settlement was fair and in the interests of the shareholders. Likewise the apportionment of the settlement — 60% to Northeast and 40% to Atlas — (in view of Atlas' 58% ownership of Northeast at the time) appears reasonable, and, as found by Judge Wyatt, it was the result of good faith bargaining.
 
 
 4
 The judgment of the district court is affirmed.